IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**JESSIE FARMER, Jr.,**

　**Plaintiff,**

v.                                        Case No.:    1:16-cv-00282

**NANCY A. BERRYHILL, Acting
Commissioner of Social Security, Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff seeks a review of the decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. This action is assigned to the Honorable District Judge David. A. Faber and has been referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending is Defendant's Motion to Dismiss Plaintiff's Complaint. (ECF No. 8), Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 9), Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (ECF No. 10) and Brief in Support of Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 11). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** the Motion to Dismiss, **DISMISS** the complaint and remove this action from the docket of the Court.

Background

On August 8, 2012, Jessie Farmer, Jr. (hereinafter Claimant) filed applications for DIB and SSI, alleging a disability onset date of January 15, 2012. (ECF No. 8-1). The Social Security Administration (hereinafter Defendant) denied Claimant's applications initially on March 13, 2013, and upon reconsideration on May 10, 2013. (*Id.*). On May 21, 2013, Claimant filed a request for an administrative hearing. A video hearing was held on April 22, 2014. Claimant appeared in Bluefield, West Virginia, and an Administrative Law Judge (ALJ) presided over hearing from Roanoke, Virginia. (*Id.*) By written decision dated May 23, 2014, the ALJ found that Claimant was not disabled as defined in the Social Security Act.

Claimant filed a request for review of the ALJ's decision with the Appeals Council (AC). On October 30, 2015, the Appeals Council issued a Notice of Appeals Council Action, advising Claimant that his request for review had been denied (ECF No. 8-1). The Appeals Council further notified Claimant that he had the right to seek judicial review of the decision by filing a civil action in the appropriate United States District Court, but the action had to be instituted within sixty days after Claimant received the Notice of Appeals Council Action. (*Id.*) Claimant was told that receipt would be assumed to have occurred five days after the date of the Notice unless Claimant could demonstrate otherwise. In addition, Claimant could request an extension of time from the Appeals Council to file the lawsuit if there was a good reason for the delay. (*Id.*)

On January 13, 2016, Claimant filed the present civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). (ECF No. 2). Defendant was served with the summons and complaint and filed a Motion to Dismiss Complaint on March 25, 2016 (ECF No. 8).

## Waiver of Immunity

As a general rule, the United States and its agencies are immune from suit, except to the extent that they waive their sovereign immunity by consenting to litigation. *F.D.I.C. v. Meyer,* 510 U.S. 471, 475, 114 S.Ct. 996 (1994). It is well settled that any such waiver must be expressly stated and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996) (citing *United States v. Williams,* 514 U.S. 527, 531, 115 S.Ct. 1611, 1616, 131 L.Ed.2d 608 (1995)). Of relevance to this action, the Social Security Act provides for a limited waiver of immunity in the case of a claimant seeking judicial review of the final decision of the Commissioner of Social Security. According to Section 205(g) of the Social Security Act, "any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party ... may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The pertinent regulations provide that the sixty days shall begin to run upon receipt of the notice by the individual, and receipt shall be presumed to occur five days after the date of mailing, unless there is "a reasonable showing to the contrary." 20 C.F.R. §§ 404.901, 404.981.

The sixty-day period is a statute of limitations and, because it is a condition on the waiver of immunity, must be strictly construed. *Bowen v City of New York,* 476 U.S. 467, 479, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Nevertheless, the agency's Appeals Council may extend the sixty days "upon a showing of good cause" by the claimant. 20 C.F.R. § 422.210(c). Moreover, a court may equitably toll the limitations period on the rare occasion "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Bowen,* 476 U.S. at 480.

In the case at bar, on October 30, 2015, the Notice of the Commissioner's final decision

was sent to Claimant at 740 Mt. Horeb Road, Princeton, West Virginia 24739, and a copy of the notice was sent to Claimant's counsel. Accordingly, Claimant was presumed to have received the Notice no later than November 4, 2015. Under the sixty-day limitations period, Claimant had until January 4, 2016,[1] in which to commence a civil action in district court seeking judicial review of the Commissioner's decision. Claimant did not file his lawsuit until January 13, 2016.

## Defendant's Motion to Dismiss

Defendant asserts that Claimant's complaint should be dismissed because he filed it more than 60 days after receipt of the Appeals Council's Notice denying his request for review (ECF No. 9). Defendant argues that there are no circumstances in this case that justify equitable tolling of the 60 day requirement for commencing a civil action. (*Id.*) Defendant points out that Claimant has not provided any evidence that he "ever requested, or that the Commissioner granted, an extension of time within which [Claimant] could commence a civil action in this case." (*Id.*) Additionally, Defendant asserts that "there are no circumstances that would justify equitable tolling of the 60 day filing requirement in the instant case."

Plaintiff asserts that he did not receive the Appeals Council's Notice denying his request for review until November 9, 2015 (ECF No. 10). Plaintiff avers:

> Counsel's office was closed from December 23, 2015, through the Christmas holiday. In addition, counsel's lone staff member was off the week following the Christmas holiday, returned to work January 4, 2016. (Ex. 1) For all intents and purposes then, counsel's office was not open for regular operations during that week as well.

Claimant asserts that his complaint was "forwarded by mail to the Clerk's office in the Bluefield, West Virginia on January 5, 2016, three days prior to the expiration of the statute of

---

[1] Sixty-five days following October 30, 2015, fell on January 3, 2016, a Sunday. As such, Claimant had until the following Monday to file his complaint. Fed. R. Civ. P. 6(a)(1)(C)

4

limitations."  Claimant asserts that his counsel's mailing was "inexplicably" not filed in the clerk's office until January 13, 2016.  (*Id.*)

Claimant argues that because he didn't receive the AC's Notice until November 9, 2015, his 60 day period did not expire until January 8, 2016.  Claimant admits a "But for the filing error on part of counsel's staff, the complaint would have been filed electronically in a timely fashion."  Further, Claimant's Brief states "Counsel for plaintiff readily acknowledges that the errors in filing as set forth herein were, without question inadequate on his part and represent failure to meet the formality of the requested filing."  (*Id.*)

Discussion

Claimant asserts that equitable tolling should apply in this matter.  A litigant seeking application of equitable tolling bears the burden of establishing two elements:  (1) that he or she has been pursuing his or her rights diligently; and (2) that some extraordinary circumstance stood in his or her way.  *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).  Claimant argues that courts within this district have recognized the application of equitable tolling in similar circumstances (ECF No. 10).  Claimant cites to *Stanley v. Astrue*, noting that in that case "plaintiff's counsel had 'experienced personnel problems with the paralegal who was responsible for filing the action.'"  *See Stanley v. Astrue*, Civil Action No. 2:09-cv-0821 (S.D. W.Va. 2011).  However, in *Stanley*, the paralegal was distraught over health issues and without explanation stopped coming to work.  (*Id.*)  In the present matter, Claimant does not assert health issues impeded Claimant's ability to file timely or request an extension of time.

Claimant also cites *Fortner v. Colvin* in which this Court was presented with a complaint which was filed two days late due to plaintiff's counsel having the shingles which made it "difficult to do any work, much less the needed Social Security work in question*." Fortner v. Colvin*, Civil Action No. 1:11-cv-00091, 2013 WL 6045721 (S.D. W.Va. 2013).

5

Defendant asserts that the doctrine of equitable tolling does not apply in this case because Claimant fails to meet the requirements for equitable tolling (ECF No. 11). Defendant avers that the present case differs from the facts in *Stanley* because in the present matter, the late filing was not as a result of health problems or unforeseen staffing problems under personal circumstances. *Id.*

## Conclusion

According the undersigned suggests the District Judge find that Claimant failed to timely file his complaint; did not file a request for an extension of time to file his complaint in District Court outside the 60 day statute of limitations; and failed to meet the requirements for equitable tolling to apply. Therefore, his action is barred by the applicable statute of limitations and should be dismissed

Based on the foregoing, the undersigned United States Magistrate Judge respectfully recommends that the District Judge **GRANT** Defendant's Motion to Dismiss Plaintiff's Complaint, (ECF No. 8), **DENY** Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss (ECF No. 10), **DISMISS** this action, and remove it from the docket of the Court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v.*

*Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter: February 28, 2017

_____
Dwane L. Tinsley
United States Magistrate Judge