IN THE UNITED STATES DISTRICT COURT
	FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
			AT BLUEFIELD

JESSIE FARMER,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:16-00282

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.


**MEMORANDUM OPINION AND ORDER**

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Tinsley submitted to the court his Findings and Recommendation ("PF&R") on February 28, 2017, in which he recommended that the court grant defendant's motion to dismiss, deny plaintiff's brief in opposition to the motion to dismiss, dismiss this action, and remove the matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation.  The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

On March 13, 2017, plaintiff filed objections to the PF&R. (ECF No. 13). With respect to those objections, the court has conducted a de novo review.

**Background**

Pursuant to the Social Security Act ("the Act"), a claimant may obtain review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The regulations under the Act provide more specifically that a civil action must be

> instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision or notice of the decision by the Appeals Council is received by the individual . . ., except that this time may be extended by the Appeals Council upon a showing of good cause.

20 C.F.R. § 422.210(c). The Regulations further specify that "the date of receipt of [the notice] . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." Id. "If the plaintiff successfully rebuts the presumption, the burden shifts to the Commissioner to show that the plaintiff received actual notice of the Commissioner's decision more than sixty days prior to filing the complaint in district court." McMahan v. Barnhart, 377 F.

Supp. 2d 534, 535 (W.D. Va. 2005) (citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2nd Cir. 1984)).

In the instant case, the notice of decision was mailed to plaintiff and his counsel on October 30, 2015. See ECF 8-1 (Declaration of Kathie Hartt). According to Ms. Hartt, "[o]n October 30, 2015, the Appeals Council sent, by mail addressed to plaintiff at 740 Mt Horeb Rd, Princeton, WV 24739, with a copy to the representative, notice of its action on the plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the date of receipt." Id. at p.3; see also Exhibit 2 to Hartt's Declaration (ECF No. 8-1 at pp. 22-25). Therefore, according to the foregoing and as noted in the PF&R, plaintiff was presumed to have received the Notice of Decision no later than November 4, 2015.

## Discussion

*A. Receipt of Notice*

Plaintiff contends that he successfully rebutted the presumption that the Notice of Decision was received on or before November 4, 2015, and that Magistrate Judge Tinsley erred in failing to explicitly find that he had. See ECF No. 13 at 2. According to plaintiff,

> As indicated, plaintiff concedes that [the] complaint in this matter was not filed within the required 60 day period. However, the magistrate's proposed findings and recommendations are not clear as to the magistrate's conclusions concerning the appropriate deadline for filing, a

3

> matter which has potential impact on the issue of equitable tolling.
>
> Plaintiff set forth, in detail, the procedural history of the case in his Memorandum in Opposition to the Motion to Dismiss. That history included the receipt of the Appeals Council's decision outside of the five day period presumed for receipt of such notice. The date of receipt established by the affidavit attached to plaintiff's memorandum, extends the 60 day period following actual receipt to January 8, 2016. This would place the date of filing of the complaint, which was filed on January 13, 2016, 5 days after the filing deadline.

Id. No doubt Magistrate Judge Tinsley was not concerned with expressly determining whether plaintiff had rebutted the five-day presumption because, as plaintiff concedes, his complaint was untimely even if the presumption was rebutted.

Plaintiff argues that the Notice of Decision was not received until November 9, 2015. As evidence in support of that argument, plaintiff has offered the affidavit of Miranda McPherson, a legal assistant for plaintiff's counsel. See ECF No. 10-2. In her affidavit, Ms. McPherson states that "I have reviewed the Notice of the Appeals Council Action in the matter of Jessie Farmer, SS #: . . . Dated October 30, 2015. The date stamp applied to the back of that document, as part of my regular practice, shows a date of November 9, 2015. Which indicates to me that that document was retrieved from our Post Office Box on November 9, 2015." Id. at ¶ 5.

Ms. McPherson's affidavit is insufficient to rebut the five-day presumption. First, it only addresses counsel's receipt of the notice; it says absolutely nothing about when <u>plaintiff</u> received the Notice of Decision. The "majority" view is that it is "`the non-receipt by the claimant, not the claimant's attorney, [that] controls the five-day presumption.'" <u>Parker v. Colvin</u>, Civil Action No. 2:15cv533, 2017 WL 626750, *6 (E.D. Va. Feb. 14, 2017) (quoting <u>Ashcraft v. Astrue</u>, No. 5:11cv144, 2012 WL 1231789, *3 (W.D. Ky. Apr. 12, 2012)). In <u>Ashcraft</u>, the court found that plaintiff failed to rebut the presumption when plaintiff remained silent on her receipt of the notice of decision, but instead submitted exhibits documenting the date of her attorney's receipt. See <u>Ashcraft</u>, 2012 WL 1231789, at *3. As noted above, <u>Ashcraft</u> represents the majority view. <u>See, e.g.</u>, <u>Flores v. Sullivan</u>, 945 F.2d 109, 111-12 (5th Cir. 1991) ("Both the statute and the regulations pinpoint receipt by the individual claimant, instead of by his representative, as the event that starts the sixty days."); <u>Franks v. Apfel</u>, No. 98-15948, 185 F.3d 866, 1999 WL 362901, *1 (9th Cir. May 20, 1999) ("Franks argues that his appeal was timely because it was filed within 60 days of his <u>attorney's</u> receipt of the Commissioner's notification. However, the statute plainly and unambiguously calculate[s] the date as running from notice to the claimant, not the claimant's attorney.") (emphasis in original); <u>Arrington-</u>

5

Andrews v. Commissioner of Social Security, Civil Action No. 15-10519, 2015 WL 6082424, *4 (E.D. Mich. Aug. 25, 2015) ("[I]t is the non-receipt by the claimant—not the claimant's attorney—that controls the five-day presumption."); Salter v. Colvin, No. 4:12-cv-888, 2014 WL 1280269, *5 (N.D. Ohio Mar. 27, 2014) ("No circuit that has addressed the issue has stated that receipt of notice by the claimant's attorney can wholly replace receipt by the claimant herself."); Jerry v. Commissioner of Social Security, Civil Action No. 13-12065, 2013 WL 11267913, *1 (E.D. Mich. Sept. 13, 2013) ("[T]he prevailing precedent in this Circuit and in other circuits is that the 60-day statute of limitations began to run after Jerry received the denial notification, not after [counsel] received it.") (emphasis in original).

Furthermore, even if receipt of notice by a plaintiff's attorney could wholly replace receipt by the claimant himself, Farmer still fails to rebut the presumption.[1] The McPherson declaration merely says that the notice was retrieved from a post

---

[1] Absent a directive from the United States Court of Appeals for the Fourth Circuit to the contrary, the court is persuaded by the line of "cases holding that, when both the claimant and the attorney receive notice, it is the earlier of the two that triggers the time to file a complaint with the district court." Chamberlain v. Colvin, Cause No. 4:15-CV-31-PRC, 2016 WL 2609578, *3 (N.D. Ind. May 5, 2016) (holding that plaintiff failed to rebut the five-day presumption where evidence was offered that attorney did not receive the notice within the five-day period but where there was "no attempt by Plaintiff to show that she herself did not receive the Notice of Appeals Council Action within five days of its mailing").

office box on November 9, 2015.  The declaration does not address the law firm's practice for retrieving mail from the post office, in particular, how often the mail is collected.  While it may be that the notice was not delivered to counsel's post office box until November 9, 2015, it is also possible that the notice was delivered to the post office box by November 4, 2015, and that it was not retrieved from counsel's law firm until later.  McPherson's declaration does not answer that question and, therefore, Farmer has not made a "reasonable showing" of late receipt.  See, e.g., Johnston v. Berryhill, Civil Action No. 1:17CV15, 2018 WL 3032668, *2 (N.D.W. Va. June 19, 2018) (holding that five-day presumption was not rebutted where plaintiff did "not contend that delivery of the notice was delayed, but rather claim[ed] that he did not actually review the notice until December 23, 2016, when he returned from a trip to Bucharest, Romania, and reviewed his mail" because "60-day statute of limitations begins to run when the Commissioner's notice was delivered to the address that he provided, not when he decided to review his mail"); Hicks v. Berryhill, Civil Action No. 7:16-CV-293, 2017 WL 4833512, *2 (W.D. Va. Aug. 22, 2017) (holding that "whether receipt by the claimant or receipt by [plaintiff]'s counsel controls here, both Hicks and her counsel have failed to provide affirmative evidence that they received the letter late" where only evidence regarding receipt was plaintiff's phone call

to counsel that her appeal had been denied five days after presumptive date passed because "[i]t is just as likely that Hicks received the unfavorable decision late as it is likely that she simply delayed calling counsel to inform him that she received the decision"); Alam v. Astrue, No. C 07-01311 CRB, 2008 WL 2397421, at *2 (N.D. Cal. June 10, 2008) (rejecting plaintiff's argument that he did not receive notice until he returned from a six-month trip to Bangladesh and reviewed his mail because "[t]he time limitation does not begin to run when a claimant chooses to read the notice; it begins to run when it is received, that is, delivered to the address provided by the plaintiff.").

Farmer's objection to the lack of a finding that he has rebutted the five-day presumption is **OVERRULED**.

B. *Equitable Tolling*

As noted above, plaintiff concedes that his complaint was not filed within the requisite sixty-five days. According to Farmer, Magistrate Judge Tinsely erred in failing to recommend that the court excuse his late filing. See ECF No. 13 at 2 ("Plaintiff's principal objection is to the recommended finding that the requirements for equitable tolling were not met, and thus the doctrine should not apply.").

The Supreme Court has held that § 405(g) is a statute of limitations subject to equitable tolling. See Bowen v. City of

to counsel that her appeal had been denied five days after presumptive date passed because "[i]t is just as likely that Hicks received the unfavorable decision late as it is likely that she simply delayed calling counsel to inform him that she received the decision"); Alam v. Astrue, No. C 07-01311 CRB, 2008 WL 2397421, at *2 (N.D. Cal. June 10, 2008) (rejecting plaintiff's argument that he did not receive notice until he returned from a six-month trip to Bangladesh and reviewed his mail because "[t]he time limitation does not begin to run when a claimant chooses to read the notice; it begins to run when it is received, that is, delivered to the address provided by the plaintiff.").

Farmer's objection to the lack of a finding that he has rebutted the five-day presumption is **OVERRULED**.

B. *Equitable Tolling*

As noted above, plaintiff concedes that his complaint was not filed within the requisite sixty-five days. According to Farmer, Magistrate Judge Tinsely erred in failing to recommend that the court excuse his late filing. See ECF No. 13 at 2 ("Plaintiff's principal objection is to the recommended finding that the requirements for equitable tolling were not met, and thus the doctrine should not apply.").

The Supreme Court has held that § 405(g) is a statute of limitations subject to equitable tolling. See Bowen v. City of

to counsel that her appeal had been denied five days after presumptive date passed because "[i]t is just as likely that Hicks received the unfavorable decision late as it is likely that she simply delayed calling counsel to inform him that she received the decision"); Alam v. Astrue, No. C 07-01311 CRB, 2008 WL 2397421, at *2 (N.D. Cal. June 10, 2008) (rejecting plaintiff's argument that he did not receive notice until he returned from a six-month trip to Bangladesh and reviewed his mail because "[t]he time limitation does not begin to run when a claimant chooses to read the notice; it begins to run when it is received, that is, delivered to the address provided by the plaintiff.").

Farmer's objection to the lack of a finding that he has rebutted the five-day presumption is **OVERRULED**.

B. *Equitable Tolling*

As noted above, plaintiff concedes that his complaint was not filed within the requisite sixty-five days. According to Farmer, Magistrate Judge Tinsely erred in failing to recommend that the court excuse his late filing. See ECF No. 13 at 2 ("Plaintiff's principal objection is to the recommended finding that the requirements for equitable tolling were not met, and thus the doctrine should not apply.").

The Supreme Court has held that § 405(g) is a statute of limitations subject to equitable tolling. See Bowen v. City of

New York, 476 U.S. 467, 481 (1986)(holding that equitable tolling applies where the government's "secretive conduct prevents plaintiffs from knowing of a violation of right."); Middleton v. Colvin, C/A No. 8:15-cv-00299-BHH-JDA, 2015 WL 5916209, at *2 (D.S.C. Oct. 8, 2015) ("The 60-day requirement is not jurisdictional and is subject to equitable tolling. . . . However, equitable tolling must be justified by exceptional circumstances.") (internal citations omitted); Hopkins v. Colvin, Civil Action No. 6:12-CV-2973-RBH, 2014 WL 4231257, at *1 (D.S.C. Aug. 26, 2014) ("[E]quitable tolling may apply if exceptional circumstances are shown." (internal citations omitted)). The Fourth Circuit has approved of equitable tolling where the Secretary of Health and Human Services had a secretive policy of nonacquiesence with the law of the circuit. See Hyatt v. Heckler, 807 F.2d 376, 380–81 (4th Cir. 1986).

One court recently explained the circumstances justifying equitable tolling the context of § 405(g):

> Turning to those traditional equitable principles, the Supreme Court has held that they "do not extend to what is at best a garden variety claim of excusable neglect." Irwin v. Dept of Veterans Affairs, 498 U.S. 98 (1990) (holding that equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received). The Fourth Circuit has held that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond party's control where equity should step in to give the party the benefit of his erroneous understanding." Harris v. Hutchinson, 209 F.3d

9

> 325, 331 (4th Cir. 2000) (applying the holding to a federal habeas petition).
>
> More particularly, the Fourth Circuit has held that under the extraordinary circumstances test, a litigant is only entitled to equitable tolling where he presents: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

Peeler v. Colvin, DOCKET NO. 3:16-cv-00545-MOC-DLH, 2017 WL 64747, *2 (W.D.N.C. Jan. 5, 2017). Furthermore, "though the limitations period may operate to an individual claimant's detriment, it benefits claimants collectively by preventing a systemic logjam from late-filed claims." Bowen v. Astrue, Civil Action No. 3:12-cv-00312-JAG, 2013 WL 2182306, *5 (E.D. Va. May 20, 2013).

Plaintiff admits that his complaint was untimely even had his challenge to the five-day presumption been successful. He also admits that he never sought an extension of time to file his complaint. Plaintiff further acknowledges that the rules of this court required that the complaint be filed electronically and, had he complied with that rule, his complaint would have been filed on January 5, 2016.[2] Rather, plaintiff argues that the court should excuse his mistake and find that the complaint was timely filed because it was mailed on January 5, 2016, and "that

---

[2] The PF&R noted that, under the five-day presumption, plaintiff's complaint had to be filed on or before January 4, 2016. See ECF No. 12 at 4 n.1. Therefore, as of January 5, 2016, plaintiff was already outside the statute of limitations.

10

the mail delivery time between Princeton and Bluefield, West Virginia, was inordinately long for no apparent reason." ECF No. 12 at 4 n.1.

Notwithstanding plaintiff's assertion to the contrary, a review of the record provides the reason for the delay between the mailing of the complaint on January 5, 2016, and its filing on January 13, 2016.  Counsel for plaintiff mailed the complaint to the wrong place.  The record shows that the complaint was "received" by the Social Security Administration in Bluefield, West Virginia on January 6, 2016.  ECF No. 2-1 at 1.  Whereupon, after apparently figuring out that complaint should have been sent to the Clerk of this court as evidenced by the cover letter accompanying the complaint, see id., on January 11, 2016, the Social Security Administration forwarded the complaint to the Clerk for filing.  See id. at 2.  Therefore, the delay, which counsel argues should justify application of equitable tolling herein, is wholly attributable to counsel's errors.

These are not the types of circumstances which would justify equitable tolling.  Plaintiff's excuse for his untimely filing is a "garden variety claim of excusable neglect" and does not present the rare case triggering application of equitable tolling.  Reeves v. Colvin, No. 6:12-cv-00027, 2014 WL 2573049, *3 (W.D. Va. Jun. 9, 2014).  Accordingly, plaintiff's objection

to the PF&R that the court should apply the doctrine of equitable tolling to excuse his late filing is **OVERRULED**.

## Conclusion

Based upon the foregoing, the court adopts the Findings and Recommendations of Magistrate Judge Tinsley as follows:

1. Defendant's motion to dismiss is **GRANTED**;
2. Plaintiff's brief in opposition to the motion to dismiss is **DENIED**;
3. The case is **DISMISSED**; and
4. The Clerk is directed to remove the case from the court's docket.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 24th of October, 2018.

ENTER:

David A. Faber
Senior United States District Judge